UNITED STATES of America,
Plaintiff–Appellee,

v.

Richard C. UPTON, Defendant–
Appellant.

No. 01–2840.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 19, 2001.*

Decided Nov. 20, 2001.

Before BAUER, EASTERBROOK, and EVANS, Circuit Judges.

ORDER

In March 2001 Richard Upton pleaded guilty to three counts of mail fraud in violation of 18 U.S.C. § 1341. At sentencing the district court determined that Upton's misconduct resulted in a loss between $350,000 and $500,000 to Lantech of America, Inc., Upton's employer. As a result Upton received a nine-level increase in his base offense level and was sentenced to 22 months' imprisonment. On appeal Upton challenges the district court's loss determination despite the fact that the district court adopted its calculation upon the express urging of Upton's counsel. Because Upton has waived objection to the district court's loss finding, we affirm.

From October 1991 until October 1997, Upton worked for Lantech as a computer equipment purchasing agent. During his tenure Upton defrauded Lantech by ordering computer equipment, purportedly on Lantech's behalf, that he had delivered directly to his house. He then resold the equipment to a Florida company and, according to a sworn statement Upton gave investigators in October 1997, charged the Florida company approximately half of the

---

* The parties have waived oral argument in this case, and thus the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(f).

equipment's fair market value. Lantech paid the invoices for the computer equipment it never ordered or received, while Upton deposited receipts from the resold equipment -- checks totaling approximately $293,498 -- directly into his personal bank account.

The precise amount Lantech paid for the stolen equipment could not be determined because Upton either altered or destroyed the invoices to conceal his fraud. Nevertheless, based on Upton's own estimate that he resold the misappropriated equipment for approximately half of its market value, the probation officer concluded that Lantech lost $586,996, or twice the value of Upton's deposits. As a result, the probation officer's initial Presentence Investigation Report ("PSR") recommended increasing the base offense level by ten levels, pursuant to U.S.S.G. § 2F1.1(b)(1)(K),[1] because the amount of loss was more than $500,000 but less than $800,000.

Upton filed a written objection, arguing that the loss should be limited to $82,000. At the sentencing hearing, however, Upton's attorney conceded that $82,000 was too low, stating:

> I would acknowledge to the Court, after receiving the Government's brief and exploring the evidence further, that $82,000 isn't the right amount. I think it is clear that it is something higher than that. I don't think the Court needs to decide it with a great deal of precision. I'm satisfied that it is probably more than $350,000.... So my suggestion to the Court would be that the Court treat the loss as somewhere between [$350,000] and $500,000.

Persuaded by defense counsel's argument, the district court found the loss to be

between $350,000 and $500,000 and, pursuant to § 2F1.1(b)(1)(J), increased Upton's base offense by nine levels instead of the ten recommended in the PSR.

Upton's argument on appeal, that the government never carried its burden of proving loss, is puzzling because it was Upton who proposed the loss amount adopted by the court. Through counsel Upton abandoned his earlier objection that the loss should be limited to $82,000 and proposed instead an amount somewhere between $350,00 and $500,000. When a party asserts an objection that it later affirmatively abandons at the sentencing hearing, the objection is waived, *United States v. Walker*, 237 F.3d 845, 851 (7th Cir.2001), and is not reviewable even for plain error, *United States v. Walton*, 255 F.3d 437, 441 (7th Cir.2001). Defense counsel's abandonment of the loss-calculation objection was an effective strategic decision that reduced his client's total offense level by one point. Upton is bound by the waiver, *see New York v. Hill*, 528 U.S. 110, 114–15, 120 S.Ct. 659, 145 L.Ed.2d 560 (2000) (counsel may waive defendant's rights when making strategic decisions); *United States v. Johnson*, 223 F.3d 665, 670 (7th Cir.2000) ("rights that have mainly tactical significance and require legal training to appreciate and weigh are for the defendant's lawyer to assert or waive as the lawyer sees fit"), and we will not disturb the district court's factual finding and offense level calculation in this matter.

AFFIRMED.

---

1. Effective November 1, 2001, §§ 2F1.1 and 2F1.2 were deleted and consolidated with § 2B1.1. *See* U.S.S.G.App. C, amend. 617.